## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Luis Gonzalez-Encarnacion, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with Homeland Security Investigations and have been since December 2023. I am currently assigned to the Immigration Crimes Group in San Juan, Puerto Rico. Prior to my appointment as a Homeland Security Investigations Special Agent, I was appointed in 2019 as a Border Patrol Agent with the United States Border Patrol. As a Homeland Security Investigations Special Agent, I have received formal and on the job training and I am authorized to investigate violations of laws of the United States and to execute and serve any order, subpoena, summons, warrant, or other process issued under the authority of the United States. I am familiar with the statutes of the United States Code, and as a federal law enforcement officer, I have participated in investigations, surveillance, interviews, interrogations, arrests, searches, seizures, administration of oaths, and in taking and considering evidence concerning the privilege of any person to enter, reenter, pass through, or reside in the United States. Based on my law enforcement experience detailed herein, as well as my training, and experience of other law enforcement officers who are participating in this investigation, serve as the basis for the conclusion set forth herein.

2. This affidavit is intended to show merely that there is sufficient probable cause for the requested criminal complaint and does not set forth all of my knowledge about this matter. I make this affidavit based on my own personal knowledge and on oral and written reports by other federal, state, and/or local law enforcement agents and officers that investigated this matter. This affidavit does not contain all the information derived from this investigation only that which is sufficient to demonstrate probable cause to believe that a crime has been committed.

3. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 8 U.S.C. § 1326(a) – *Illegal Reentry of removed alien* has been committed by Jose Luis THEN-Espinosa.

## PROBABLE CAUSE

4. On February 15, 2025, Immigration and Customs Enforcement (ICE) / Enforcement and Removal Operations (ERO) / Fugitive Operations Unit (FUG OPS) in conjunction with Homeland Security Investigations Agents (HSI) where conducting surveillance on another target. During the surveillance, HSI agents observed and identified THEN-Espinosa at his home at Calle Ruisenor 959 San Juan, Puerto Rico 00901. HSI agents attempted to stop him while he was pulling away in a black RAM. THEN-Espinosa did not stop at HSI agent's commands and drove thru. While fleeing, THEN-Espinosa almost ran over two HSI Special Agents.

5. HSI SAs along with personnel from Enforcement Removal Operations (ERO) encountered THEN-Espinosa again on April 3, 2025, at approximately 01:40 pm. THEN-ESPINOSA (A220-960-181) was encountered and arrested without incident by Immigration and Customs Enforcement (ICE) / Enforcement and Removal Operations (ERO) / Fugitive Operations Unit (FUG OPS) in conjunction with Homeland Security Investigations Agents (HSI) outside of his work at Architectural Factory Carr. 872 #42 Rio Plantation, Bayamon, Puerto Rico 00961. THEN-ESPINOSA was the target of an enforcement action. THEN-ESPINOSA was transported to the San Juan ICE/ERO Processing Center where he was held in custody pending removal proceedings from the United States.

6. HSI SAs requested an identification from THEN-Espinosa, which THEN-Espinosa provided. HSI SAs performed an immigration examination on THEN-Espinosa. As a result, it was

determined that THEN-Espinosa is a national and citizen of the Dominican Republic who was and continues to be illegally present in the United States.

7. Subsequently, HSI SAs conducted an immigration inspection on THEN-Espinosa to determine his admissibility and it was determined that THEN-Espinosa was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document, and a valid unexpired passport, or other suitable document, or document of identity and nationality to be enter, pass through, or remain in the United States. HSI SAs determined that THEN-Espinosa is inadmissible to the United States, and SAs arrested and transported THEN-Espinosa to ERO Office in Guaynabo, Puerto Rico, for further processing.

8. Record checks indicate that THEN-Espinosa was issued a Puerto Rico driver's license on September 27, 2024. THEN-Espinosa, a national and citizen of the Dominican Republic ("DR"), was in the United States on September 27, 2024, when his driver's license was issued. Meaning, he unlawfully entered the United States after being previously removed. HSI SAs transported THEN-Espinosa to ICE/ERO Office in Guaynabo Processing Center for further processing.

    a. Immigration checks revealed that THEN-Espinosa illegally entered the United States at Rincon, Puerto Rico on October 11, 2018. At entry, the subject was not admitted, inspected, or paroled by an immigration officer into the United States. The subject was not in possession of any immigration documents that would allow the subject to be in, travel through or remain in the United States legally. Further immigration records checks revealed the following:

    b. On August 23, 2022, THEN-Espinosa was issued a Notice to Appear.

3

  c. On October 12, 2022, THEN-Espinosa was issued a Final Order of Removal by an immigration Judge.

  d. On November 15, 2022, THEN-Espinosa was removed from the United States to the Dominican Republic.

  e. On February 15, 2025, Immigration and Customs Enforcement (ICE) / Enforcement and Removal Operations (ERO) / Fugitive Operations Unit (FUG OPS) in conjunction with Homeland Security Investigations Agents (HSI) attempted to arrest THEN-Espinosa at his home at Calle Ruisenor 959 San Juan, Puerto Rico 00901. THEN-Espinosa evaded arrest on a motor vehicle. While evading his arrest THEN-Espinosa almost ran over two HSI Special Agents.

9. Record checks also revealed that as of April 7, 2025, THEN-Espinosa has not submitted an application requesting permission to enter the United States (Form I-212) before the United States Citizenship and Immigration Services ("USCIS"). Thus, THEN-Espinosa has not obtained consent from the Secretary of Homeland Security to enter the United States, nor does he have any immigration documents allowing him to legally enter and/or remain in the United States.

10. On April 3, 2025, THEN-Espinosa, a national and citizen of the Dominican Republic, was found in the United States after been previously removed from the United States. THEN-Espinosa was not admitted, inspected, or paroled into the United States by an immigration officer, nor did THEN-Espinosa present himself at a designed port of entry for inspection.

## CONCLUSION

11.     Based on the forgoing, and based upon my training, experience and participation in this and other investigations, I believe that sufficient probable cause exists to demonstrate that THEN-Espinosa reentered the United States after being removed in violation of 8 U.S.C. § 1326(a) – *Reentry of Removed Alien*.

I hereby declare, under penalty of perjury, that the foregoing is true and correct and to the best of my knowledge.

Respectfully submitted,

LUIS O GONZALEZ-ENCARNACION
Digitally signed by LUIS O GONZALEZ-ENCARNACION
Date: 2025.04.07 18:39:26 -04'00'

Luis Gonzalez-Encarnacion
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me by telephone pursuant to FRCP 4.1 on this 7th day of April 2025, at 7:56 p.m.

Hector Ramos Vega
United States Magistrate Judge
District of Puerto Rico

5